[No. 3730.]

## ARRANO ET AL. v. THE PEOPLE OF THE STATE OF COLORADO.

1. PRACTICE IN CRIMINAL CASES—HEARING OF EVIDENCE ON PLEA OF GUILTY—RECORD.

In all cases where the court possesses any discretion as to the extent of the punishment to be imposed upon a plea of guilty, witnesses must be examined as to the aggravation and mitigation of the offense. If the record does not affirmatively show that this was done, the judgment will be reversed on error.

2. SAME.

The record should affirmatively show the taking of all steps which are essential to sustain the sentence.

*Error to the District Court of Huerfano County.*

Mr. JAMES A. McFEELY, for plaintiff in error.

THE ATTORNEY GENERAL, Mr. CALVIN E. REED and Mr. GEORGE H. THORBE, of counsel, for the People.

MR. JUSTICE GODDARD delivered the opinion of the court.

At the October term, 1891, of the district court of Huer-
fano county, Antonio Arrano, John Arrano, Lorenzo Per-
riceo, Dominacio Keado, Bartholomico Oberto, were indicted
for the crime of murder.   On the 8, day of October they
were arraigned and severally entered pleas of not guilty.
Afterwards, and on the 16, day of October, the defendants,
in open court, withdrew their plea of not guilty, and ten-
dered pleas of guilty of murder of the second degree; which
pleas were accepted by the district attorney, and the court
explained to the defendants the nature and extent of their
punishment provided by law for the offense of murder in
the second degree; and, the defendants still persisting in
pleading guilty as aforesaid, such pleas were received and
recorded; whereupon, as shown by the record, the follow-
ing proceeding was had, as to each of the defendants:

" And now neither the said defendant nor his counsel for
him saying anything further why the judgment of the court
should not now be pronounced against him on the plea of
guilty heretofore made in this cause, therefore it is ordered
and adjudged by the court that the said defendant, John
Arrano, be taken from the bar of this court to the common
jail of Huerfano county * * * and from thence by the sheriff
of said county * * * to the penitentiary of this state * * *
and be delivered to the warden or keeper of said peniten-
tiary; and the said warden or keeper is hereby required and
commanded to take the body of said defendant * * * and
confine him in said penitentiary in safe and secure custody
for and during his natural life, at hard labor."

At the February term of 1893, a motion to vacate the judg-
ments and for rehearing was filed and overruled.   At the
February term of 1895 a petition to vacate the judgments
was heard and overruled.   The defendants bring the case
here on error, and ask for a reversal of this judgment and
sentence upon several grounds, among them, because the
court sentenced the defendants, upon their plea of guilty,
without examining witnesses as to the aggravation and miti-
gation of the offense.   This specification of error we think

presents a meritorious objection to the validity of these sen-tences.　　The proceeding was had under sec. 1463 Mills' Ann. Stats., which enacts :

"In all cases where the party indicted shall plead 'guilty,' such plea shall not be entered until the court shall have fully explained to the accused the consequences of entering such plea ; after which, if the party indicted insists in pleading guilty, said plea shall be received and recorded ; and the court proceed to render judgment. * * * In all cases where the court possesses any discretion as to the extent of the punish-ment, it shall be the duty of the court to examine witnesses as to the aggravation and mitigation of the offense."

The punishment provided by our statute for the crime of murder of the second degree is that the person convicted "shall suffer imprisonment in the penitentiary for a term not less than ten years, and which may extend to life." Sec. 1176, Mills' Ann. Stats.

The term of imprisonment within these limits is wholly within the discretion of the court. It was therefore clearly the duty of the court, under the mandatory provision of sec. 1463, before imposing sentence, to examine witnesses as to the circumstances under which the homicide occurred, in order to ascertain whether such circumstances tended to aggravate or mitigate the offense.

The attorney general in his argument does not question the correctness of this conclusion, but insists that, the record being silent, it must be presumed that the statute was com-plied with. In other words, that the matter complained of should not appear in the record proper, and can be made to appear only by bill of exceptions. With this we cannot agree, but think that a compliance with this provision of the statute must appear in the record proper. Mr. Bishop, in discussing what the record in a criminal case shall contain in his work on Criminal Procedure, vol. 1, sec. 1347, says :

"The leading purpose of the record, wherein, if it fails, it is certainly inadequate, is to set down and justify the punish-ment. Hence it must state what will affirmatively show the

offense, the steps without which the sentence cannot be good, and the sentence."

By the statute of Texas, three things are essential to support a plea of guilty to a felony : *First*, he should be admonished by the court; *second*, it must appear that he is sane ; *third*, it must plainly appear that he was not influenced by fear or by any delusive hope of pardon. And if the punishment of the offense was not absolutely fixed by law, it was further provided that a jury should be impaneled to hear evidence and assess the punishment.

In *Saunders v. State*, 10 Tex. App. 336, the court, speaking of these conditions, say :

" If these matters are essential and must concur to render the plea a valid one, then it seems to us that, as conditions precedent, the record should show their existence."

In *Turner v. State*, 17 Tex. App. 587, it is said :

" But the record fails to show affirmatively that the punishment was assessed upon a valid plea of guilty, and that evidence was submitted to the jury to enable them to decide as to the proper punishment to be assessed." And because these matters did not appear affirmatively by the record, the judgment was reversed.

The same doctrine is announced in *Paul v. State*, 17 Tex. App. 583 ; *Harris v. State*, 17 Tex. App. 559 ; *M'Cauley v. U. S.*, 1 Morris (Iowa), 641 ; *Evers v. State*, 31 Tex. Crim. Rep. 318.

We think, therefore, that the record must affirmatively show all steps which are essential to sustain the sentence ; and, the record before us failing to show that the court examined witnesses as required by statute, but in effect negatively showing that this was not done, the plaintiffs in error were sentenced in a manner not sanctioned by the law, and such sentence is invalid. We do not regard the other objections as well taken ; but for the reasons given, the judgments must be reversed, and the cause remanded for resentence, after an examination of witnesses as provided by the statute.

*Reversed.*