## No. 9269.

### LAKOMY v. THE PEOPLE.

1. JUDGEMENT—*Void or Irregular.* Judgment of conviction upon a plea of guilty, without an examination of witnesses, as required by Rev. Stat. sec. 1979, is not void, but merely irregular. Notwithstanding the irregularity the offender, upon a second conviction of the same offence, is to suffer the increased penalty (sec. 22, c. 98, Laws 1915)

2. CRIMINAL LAW—*Second Offense—Information—Verdict.* A verdict of "guilty as charged, etc.," upon an information alleging a former conviction, is sufficient to sustain a conviction of felony and imprisonment in the penitentiary, under Laws 1915, c. 98, sec. 22.

3. CONSTITUTIONAL LAW—*Statute—Who may Question?* Only those whose rights are affected. Plaintiff in error was convicted of a second offence, and judgment was given according to the statute (Laws 1915, c. 98, sec. 22)

On error he complained that the statute making the record of the first conviction conclusive, was unconstitutional. But he had made no attempt to contradict or question this record. Held he was not in position to assail the constitutionality of the statute.

4. CRIMINAL LAW—*Acts done Subsequent to the Offence Charged,* are admissible upon the question of intent.

The admission of such evidence in rebuttal not considered upon error, where no objection upon this ground was made at the trial.

5. EVIDENCE—*Order of Proof,* is largely in the discretion of the Court.

*Error to Denver District Court, Hon. Julian H. Moore, Judge.*

*Department One.*

Mr. M. B. WALDRON, Mr. GEO. Q. RICHMOND, for plaintiff in error.

Hon. LESLIE E. HUBBARD, Attorney General, Miss CLARA RUTH MOZZAR, Mr. CHARLES ROACH, Mr. RALPH E. C. KERWIN, Assistant Attorneys General, for The People.

Opinion by Mr. Justice Teller.

THE plaintiff in error was convicted of a second violation of the prohibition statute of 1915, and sentenced to a term in the penitentiary. He seeks to reverse the judgment on several grounds.

On the trial, to establish a charge of former conviction, the State introduced a certified copy of a record of the County Court showing that the defendant—plaintiff in error in this case—plead guilty to a charge of violating said law, and that he was sentenced to a term in the county jail, and sentence suspended.

It is here objected that, inasmuch as the trial judge did not comply with section 1929, R. S. 1908, by examining witnesses as to the offense, the judgment was void, and incompetent to prove a former conviction.

It is to be observed that the statute makes it the duty of the court to examine witnesses "as to the *aggravation and mitigation of the offense.*" This clearly indicates the purpose of the requirement, and the failure to make such examination is a good ground of complaint in a direct attack upon the sentence.

The only question here is: Was the accused convicted of a former offense?; not, was that conviction in all respects regular?

Counsel for plaintiff in error apparently recognize that unless the judgment of the County Court was void, it is not open to collateral attack, and hence they contend that it is void.

Such is not the fact. The County Court had jurisdiction of the offense and of the person of the accused. A judgment rendered in such a case, though all the requirements as to procedure were not followed, is merely irregular and voidable; not void. It is, therefore, unnecessary to determine whether or not "conviction," as used in the statute defining the offense charged in this case, includes only a finding of guilt, or such finding followed by judgment. The record of the County Court showed a judgment, which, so far as this case is concerned, is valid, and not open to question.

The general rule is also laid down in 12 Cyc. 950, as follows:

"That the prior conviction was erroneous will not prevent the operation of the statute as to a subsequent conviction, unless the court in which the prior conviction was held had no jurisdiction."

It is further urged that the jury ought to have found specifically on the issue of prior conviction; and that a

general verdict under a plea of not guilty is insufficient to show a finding on that issue.

A California case is cited to that effect, but an examination of it shows that the holding was a mere affirmation of a statutory provision.

The verdict was as follows:

"We, the jury, find the defendant, Frank Lakomy, guilty in manner and form as charged against him in the second count of the information herein."

The second count of the information charged the former conviction, as well as the later offense for which the accused was tried in the cause now under review, and the record of the County Court went to the jury unimpeached.

The prior conviction was plainly an issue before the jury.

The following instructions were given, being Instructions Nos. 7 and 8:

"7.   The material elements of the charge necessary to be proven to your satisfaction and beyond reasonable doubt are:

(1)   That the defendant, subsequent to March 3, 1915, and prior to April 14th, 1917, in the County Court of the City and County of Denver, Colorado, was duly convicted of unlawfully keeping and selling intoxicating liquors, in violation of the statute set forth herein in Instruction No. 6."

(2)   That the defendant subsequently, and on April 14, 1917, at the City and County of Denver, Colorado, sold, bartered or traded intoxicating liquors, to-wit, a quantity of whiskey to the witness George C. Matmiller, knowing the same to be such.

If the evidence or lack of evidence upon any material fact heretofore set forth leaves in your minds a reasonable doubt thereof, your verdict should be not guilty."

"8.   Evidence tending to show that the defendant was previously convicted of a violation of the intoxicating liquor statute is not admitted for the purpose of showing that the defendant violated the intoxicating liquor laws on

the 14th day of April, 1917, as charged in the information; the sole purpose of this evidence being to show a former conviction in order to determine the degree of the offense and the punishment therefor as provided by law."

The jury having been instructed that the former conviction was a material element of the charge, it is presumed that it was considered by them in arriving at a verdict. *Richards v. Richards,* 20 Colo. 303, 38 Pac. 323.

So far as the record discloses, the defendant made no application for a special finding, nor was objection, at the time, made to the verdict on the ground now relied upon.

The question is decided adversely to the contention of the plaintiff in error in *Lucas v. Commonwealth,* 142 Ky. 416, 134 S. W. 456, and in *Oliver v. Commonwealth,* 113 Ky. 230, 67 S. W. 983, 24 Ky. L. Rep. 84. In *Evans v. State,* 150 Ind. 651, 50 N. E. 820, it is held that where, under an indictment for an offense, charging a former conviction, the jury returns a verdict of "guilty as charged," the defendant is found to have been convicted of a former offense, as well as guilty of the offense charged.

We think the verdict is not subject to the objection now made to it.

The objection made to Instruction 7 is based upon the proposition that the record offered to prove a prior conviction was insufficient for that purpose, a position which we have already found not to be well taken.

It is further said that the law making the record evidence of such conviction is unconstitutional, because the laws make such record conclusive proof of a former conviction.

It is well settled that the constitutionality of a law may be questioned only by those whose rights are affected by it: *Newman v. People,* 23 Colo. 300, 47 Pac. 278; and it does not appear that the plaintiff in error has been affected by that part of the law which is alleged to render it unconstitutional. Had he offered evidence to contradict the record, and it had been rejected because of the statute, he

would have ground of complaint and a right to challenge the validity of the law; but he offered no evidence on the question of conviction. We are not, therefore, called upon to determine the point raised by this objection. The record made a *prima facie* case, and was, to that extent at least, competent evidence.

The only other assigned error argued is that the court admitted evidence of the finding of intoxicating liquors on the premises of defendant five days after the date of the offense charged.

Of course, evidence of acts subsequent to the commission of an offense is, as a rule, not admissible, but may be admitted—as may evidence of prior offenses—to prove intent, motive, etc.

One of the prosecuting witnesses testified that on the day of his purchase of the liquor which defendant is charged with selling, the defendant said that in a few days he would have some better stuff, and invited the witness up to get some of it.

The State claims that this evidence was proper as corroborating said testimony of an invitation to come and get more liquor, and that in that way it tends to maintain the credibility of the principal prosecuting witness.

In view of the fact that the testimony of the defendant, his son, and his daughter, was in direct contradiction of the evidence for the prosecution, any evidence which in fact corroborated the latter, or increased its credibility, might be said to be competent.

It is objected that if admissible at all, it should have been offered as a part of the State's case, and not in rebuttal; but, since no objection was made on that ground, and the order of proof is largely a matter for the trial court, the objection will not be considered.

Finding no error in the record, the judgment is affirmed.

Judgment affirmed.

Chief Justice Garrigues and Mr. Justice Burke concur.