No. 18,126.

JAMES ROBERT WILLIAMS, ET AL. *v.* PEOPLE OF THE STATE OF COLORADO.
(307 P. [2d] 466)

Decided February 18, 1957. Rehearing denied March 11, 1957.

Mr. SHELDON S. EMESON, for plaintiffs in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFFS in error, to whom we will herein refer as defendants, by information filed in the district court of the City and County of Denver, were charged with having committed the crime of aggravated robbery, and entering into a conspiracy to commit that offense. They were arraigned on February 24, 1956, at which time pleas of not guilty were entered. April 30, 1956, the not guilty pleas were withdrawn and each defendant entered a plea of guilty to the count of aggravated robbery. They then applied for and were granted leave to file applications for probation and the cause continued until May 16, 1956, for hearing. At such hearing the probation officer started to give his oral report to the court, whereupon the following colloquy occurred between the court, the district attorney (Mr. Canjar), defendants' counsel (Mr. Emeson) and the defendants:

"MR. CANJAR: Before any further action is taken by the court in this case, we request of the court, for the record, that the defendants themselves waive the taking of evidence in this matter and agree to permit the probation report to act in mitigation or aggravation of the offense.

"MR. EMESON: That is right, your Honor. THE COURT: Mr. Madewell, do you waive the taking of evidence? MR. MADEWELL: I waive evidence. THE COURT: Mr. Williams? MR. WILLIAMS: I waive evidence.

"MR. EMESON: I think the probation report as indicated on these two gentlemen is fully correct. They have set forth the basic facts, that both of these men are family men and they both have a drinking problem.

\* \* \*

"THE COURT: Thank you, Mr. Emeson. Is there anything you would like to say, Mr. Madewell? MR. MADEWELL: No, I have nothing to say. THE COURT: Mr. Williams? MR. WILLIAMS: No, your Honor."

Both defendants were thereupon sentenced to the Colorado State Penitentiary for a term of not less than forty nor more than sixty years.

June 7, 1956, counsel for defendants filed a motion to reduce the sentences imposed by the court. June 14th another motion was filed on behalf of defendants which sought to have the sentences vacated. The grounds upon which this motion was based were as follows:

"1. That the Court did not take evidence in this matter pursuant to duty imposed upon this Court by Chapter 39, Article 7, Section 8 of the 1953 Colorado Revised Statutes.

"2. That the record in this case indicates that the said defendants through their counsel did expressly and in open court waive the taking of such evidence.

"3. That this constituted a violation of the rights of the said defendants in this matter in that the taking of such evidence is a duty imposed upon the Court by stat-

ute and cannot under any circumstances be waived by the said defendants.

"4. That such procedure also violated the rights of the said defendants in the respect that they were not given an opportunity to cross-examine any witnesses or statements used by the Court in determining the sentence imposed.

"5. That the following of such procedure without taking of any evidence makes the sentence imposed irregular and voidable."

Both motions were denied.

Error is assigned in that:

"1. That the Court erred by not taking evidence as provided by Chapter 39, Article 7, Section 8, Colorado Revised Statutes of 1953.

"2. That the Court erred by denying plaintiffs in error's Motion to Vacate Sentence, based on failure to take evidence pursuant to Chapter 39, Article 7, Section 8, Colorado Revised Statutes of 1953.

"3. That the Court erred by allowing waiver by plaintiffs in error and the District Attorney of the taking of evidence pertaining to aggravation and mitigation as set forth in Chapter 39, Article 7, Section 8 of the Colorado Revised Statutes of 1953."

Question to be Determined.

*Where defendants, in a criminal case, having advice of competent counsel and in his presence enter a plea of guilty to the charge, and by counsel and in person expressly waive the taking of evidence in mitigation or aggravation of the offense, and agree that the report of the probation officer may be considered by the trial court in lieu of evidence; will the sentence imposed be vacated and set aside for the reason that the court did not comply with the provisions of C.R.S. '53, 39-7-8, which provides that, "In all cases where the court possesses any discretion as to the extent of the punishment, it shall be the duty of the court to examine witnesses as to the aggravation and mitigation of the offense?"*

■ The question is answered in the negative. Counsel for defendants rely on three opinions of this court as follows:

(1) *Arrano v. The People,* 24 Colo. 233, 49 Pac. 271. In that case the holding of this court was that the record failed to show the steps essential to sustain the sentence and the court had a duty to inform itself of circumstances in aggravation or mitigation.

(2) *Smith v. People,* 32 Colo. 251, 75 Pac. 914, in which case it was held that the trial judge in passing sentence could not rely solely on his own knowledge and must receive evidence when offered.

(3) In *Lakomy v. People,* 66 Colo. 19, 178 Pac. 571, it was held that a sentence imposed without examining witnesses is irregular but not void, and cannot be attacked collaterally. In none of the foregoing opinions was the question of waiver considered. They were all decided prior to the enactment (1949) of what is now C.R.S. 1953, 39-16-2 and 39-16-3.

The first of these sections requires that after conviction of crime, where the court has discretion as to the penalty, it shall require an investigation to be made by a probation officer who shall make a written report to the court containing his findings on matters bearing upon the sentence to be imposed. The second provides for similar proceedings in connection with disposition of an application for probation. In the case at bar procedures authorized by the latter section were followed by the trial court which was thereby fully advised concerning any circumstances of mitigation or aggravation, to all of which defendants agreed.

In *People v. Pennington,* 267 Ill. 45, 107 N.E. 871, a statute similar to our own was involved and the court said, inter alia:

"That part of section 4 of division 13 of the Criminal Code making it the duty of the court to examine witnesses as to the aggravation and mitigation of the offense in cases where the party pleads guilty is manda-

tory, and it is necessary for the court to make such examination when requested or desired, either on the part of the people or of the defendant. This is a privilege which may be waived by the parties, and some other method of supplying the court with the necessary information be substituted in its stead."

To the same effect is *People v. Crooke,* 326 Ill. 266, 157 N.E. 218, and *People v. Harris,* 392 Ill. 267, 64 N.E. (2d) 456.

■ In the instant case defendants, personally and in open court, waived the right to have evidence taken following their pleas of guilty and agreed that the probation officer's report should be substituted as the means employed in apprising the court of circumstances ·in mitigation or aggravation. The claimed right to have witnesses examined was clearly one which could be waived. 92 C.J.S. 1066; 56 Am. Jur. 110, 111.

Defendants cannot now withdraw the consent which was freely given simply because the sentence which the court imposed was not to their liking.

The judgment is affirmed.