No. 18,773.

WILLIAM E. LITTLE *v.* PEOPLE OF THE STATE OF COLORADO.
(335 P. [2d] 863)

Decided February 24, 1959.

Mr. WILLIAM E. LITTLE, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. NORMAN H. COMSTOCK, Special Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

PLAINTIFF in error, herein referred to as defendant, entered a plea of guilty to an information charging forgery of a check. He was sentenced to a term in the state penitentiary of not less than three nor more than six years, and now brings this writ of error, acting as counsel pro se.

Defendant urges three grounds for reversal:

1. That the trial court failed to appoint counsel for him at his trial;

2. That no witnesses were called to prove aggravation or mitigation of the offense during the trial, as required by C.R.S. '53, 39-7-8, and

3. That The People failed to prove the crime of forgery because the check was purported to be executed by one Morris R. Briggs and the state failed to produce

such a person as a witness against defendant — the state alleging that Briggs was an unknown person.

The People's brief sets forth the pertinent parts of the proceedings had in the trial court. These were in the customary form and include the specific statement by the court that defendant's "right to be represented by counsel and his right to have this cause tried before a Jury" were explained to him. The court also explained the effect and consequences of a guilty plea. Before defendant's plea the district attorney also explained to him the consequences of a plea of guilty and then stated:

" * * * You have the right to be represented by counsel in this case and you have the right to have this case tried to a jury. If you have no funds to secure the services of counsel, then upon a showing of this fact to the Court it is the duty of the Court to appoint counsel to represent you."

Defendant was twenty-seven years of age at the time and this record shows was fully able to understand the meaning of the explanations given him; yet he thereafter entered a plea of guilty and at no time indicated to the court that he was without funds to employ counsel or requested that counsel be appointed to represent him. These facts amount to a waiver of defendant's right to appointed counsel and that issue may not now be raised in this court.

C.R.S. '53, 39-7-8, states:

"In all cases where the party indicted shall plead guilty, such plea shall not be entered until the court shall have fully explained to the accused the consequences of entering such plea, after which, if the party indicted persists in pleading guilty, said plea shall be received and recorded, and the court proceed to render judgment and execution thereon, as if he had been found guilty by a jury. In all cases where the court possesses any discretion as to the extent of the punishment, it shall be the duty of the court to examine witnesses as to the aggravation and mitigation of the offense."

■ This statute is divided into two parts, viz: The duty of the trial court to explain the consequences of a plea of guilty before receiving it; and, the duty of the trial court to examine witnesses as to aggravation and mitigation of the offense where the trial court has discretion (as it had here) as to the extent of the punishment.

The first part of the statute was clearly performed, as we have pointed out above. Noncompliance by the court with the second part is claimed because the court did not do more than: (1) accept the plea of guilty; (2) permit the people to introduce the check in evidence — with no objection by defendant; and (3) ask the defendant if he had "any evidence you want to introduce, or any statement to make to the Court at this time?" As to the latter question, the defendant answered in the negative, and the court then stated:

"Very well. Then the Defendant will be found guilty in accordance with his plea and the evidence introduced by the People, and further hearing will be continued until the Court can obtain the Probation Officer's Report and the F.B.I. Report."

The hearing was then continued to consider the Probation Officer's Report in mitigation and aggravation, as required by C.R.S. '53, 39-16-2 and 3.

■ The trial court correctly followed the statutes in the particulars noted, giving proper consideration to a Probation Officer's Report in mitigation or aggravation of an offense for the purpose of advising the court of facts touching upon the sentence to be imposed. This is a sufficient compliance with C.R.S. '53, 39-7-8, where a defendant by his silence, as here, consented to such procedure and waived the statutory method of advising the court of the facts. See *Williams v. People* (1957), 134 Colo. 580, 584-85, 307 P. (2d) 466. Moreover, a failure to comply strictly with the statute does not affect the validity of the judgment but only the sentence, and in a proper case might require remanding for the taking of

evidence and re-sentencing. *Smith v. Best* (1946), 115 Colo. 494, 176 P. (2d) 686.

■ Defendant's third ground of error is specious indeed. He labors under the illusion that he could plead guilty to forging the name of a hypothetical or an unknown person to a check and then defend a prosecution for so doing upon the ground that "the person whose name is alleged to have been forged *must exist in fact,* * * *." To state his premise is to vaporize it. His conviction was fully within the crime of forgery as defined in C.R.S. '53, 40-6-1.

The judgment is affirmed.

MR. CHIEF JUSTICE KNAUSS not participating.