Mr. Justice McWilliams
delivered the opinion of the Court.
*135 By direct information James Rader was charged with the burglary of Swanson’s Studio in Fort Collins. When arraigned Rader, who was represented by counsel, tendered a plea of guilty.
The trial court accepted this plea, but only after fully and completely “explaining to the accused the consequences of entering such a plea” as required by C.R.S. ’53, 39-7-8.
The district attorney thereupon proceeded to call to the witness stand one Lee Shipley, undersheriff of Larimer County, who had previously conducted an investigation of the burglary of Swanson’s Studio. He testified generally as to his investigative efforts and the results thereof, and specifically identified a typewritten statement signed by Rader concerning the burglary of Swanson’s Studio. Without objection this statement was received by the court.
In this statement Rader confessed that he had in fact burglarized Swanson’s Studio and he went on to relate the circumstances surrounding the offense. For example, he stated that he gained entry to the studio by going around to a side door from which he removed the metal mail chute and “then reached inside and unlatched the door.” Once inside the premises, he stated that he tried to pry open the cash register and when his efforts were unavailing he carried the register outside and loaded it in the back seat of his car. He then proceeded to drive out-of-town to an isolated spot where he was successful in forcing open the register with a tire iron. According to this same statement there was only about ten to twelve dollars in small change in the cash register and Rader then apparently had a change of heart, stating that “at this point I realized what I had done [so] I put the cash in a sock and took it over and threw it in Warren Lake.”
Rader through his counsel declined to cross-examine Shipley and then went on to declare that “the defendant *136 had no testimony to give at this time, but we ask leave to file an application for probation in this matter.”
Rader made application for probation and an investigation was made as required by C.R.S. ’53, 39-16-3. Several weeks later the trial court, having before it the probation report, denied Rader’s application for probation and sentenced him to a term of not less than five years nor more than ten years in the State Penitentiary.
Some fifteen months later Rader filed a “Motion to Vacate Judgment and Sentence, Pursuant to Rule 35 (b) Colorado Rules of Criminal Procedure,” alleging that the trial court had no “jurisdiction to sentence” him because it had failed to hold a “hearing in aggravation and mitigation following a plea of guilty” as required by C.R.S. ’53, 39-7-8.
The trial court denied this motion, declaring as its reason for so doing that “the motion, files and record show that the above defendant is not entitled to relief.” The record, incidentally, discloses all of the various matters which have been set forth above.
By writ of error Rader seeks reversal of the judgment and order denying his motion to vacate. In our view the trial court acted properly in its disposition of this matter, and the order denying Rader’s motion must be approved.
C.R.S. ’53, 39-7-8 provides, inter alia, that “in all cases where the court possesses any discretion as to the extent of punishment, it shall be the duty of the court to examine witnesses as to the aggravation and mitigation of the offense.”
In Arrano v. People, 24 Colo. 233, 49 P. 271, it was held that this statute is mandatory in nature and that it was the duty of the court in that case to “examine witnesses as to the circumstances under which the homicide occurred, in order to ascertain whether such circumstances tended to aggravate or mitigate the offense.” (Emphasis supplied.)
It seems quite clear to us, though apparently not *137 to Rader, that in the instant case there was compliance with C.R.S. ’53, 39-7-8, and that Rader’s contention that no hearing was ever held is simply not borne out by the record. As noted above, the record affirmatively shows that the investigating officer, Shipley, was “examined” and that such examination did disclose the various “circumstances under which the burglary occurred.” Hence we hold that there was in fact compliance with C.R.S. ’53, 39-7-8.
Rader’s chief complaint seems to stem from the fact that the district attorney failed to call the victim, viz. Swanson. Rader argues that the failure to examine Swanson in and of itself negates compliance with C.R.S. ’53, 39-7-8. With this contention we do not agree. The statute with which we are concerned does not say what witnesses should be examined or how many. Here the district attorney elected to call the investigating officer, who inter alia, identified a written confession made by Rader which itself fully set forth the circumstances surrounding the crime. Rader interposed no objection to the introduction of his confession and then specifically elected not to call any witnesses, apparently being content to rely upon the probation report to set forth any other mitigating circumstances, if such there were. There being compliance with C.R.S. ’53, 39-7-8, the trial court acted properly in denying Rader’s motion to vacate.
The judgment is affirmed.