Mr. Justice Moore
delivered the opinion of the Court.
*68 A petition for writ of habeas corpus was filed in the district court of El Paso county by plaintiff in error, to whom we will refer as petitioner. He appeared pro se. Notwithstanding the fact that the allegations contained in said petition fell far short of the legal requirement for issuance of such a writ, and no doubt out of an abundance of caution, the district court directed the respondent Harry C. Tinsley to produce the petitioner before the court on February 25, 1963.
A hearing was had with relation to the confinement of petitioner in the state penitentiary. The findings and Order entered by the trial court at the conclusion of the hearing, in pertinent part, are as follows:
“THE COURT FINDS that the Petitioner entered a plea of guilty on the 6th day of July, 1962, to the charge of no account check in Criminal Action No. 11304, The People of the State of Colorado, Plaintiff, versus Harold Martinez, Defendant, and thereafter, on July 13, 1962, waived the taking of testimony, submitted an application for probation, and defendant was put upon the stand to explain his mental condition and did so testify; and the Petitioner, through his attorney, stated that two more witnesses would testify if it would help the trial Judge in any way. These witnesses did not testify and a sentence was then imposed by the trial Judge following a review by the trial Judge of the Pre-Sentence Investigation Report. That such sentence denied probation and imposed a sentence upon the Petitioner herein of not less than three years nor more than five years in the State Penitentiary.
“THE COURT FURTHER FINDS that the Petitioner, by petition for writ of habeas corpus, now attacks this sentence upon the grounds that the trial Court lacked jurisdiction to impose a sentence and that his constitutional rights are violated by reason of his confinement, and that the judgment and sentence is outside the statutory limitations as set forth in Colorado law.
“THE COURT FURTHER FINDS that the Petitioner *69 had been declared a mental incompetent following a hearing in the County Court of El Paso County, State of Colorado, entitled Tn the Interests of Harold R. Martinez, Sr., Respondent’ and numbered MH-691; that, by order of said County Court, Harold R. Martinez, Sr., was found to-be mentally ill August 2, 1960, and ordered confined to the Colorado State Hospital at Pueblo. Thereafter Petitioner was discharged from the Colorado State Hospital to the Brady Hospital in Colorado Springs, Colorado under the Antabuse program.
“THE COURT FURTHER FINDS that an.Order to Show Cause why Petitioner should not be committed, hospitalized for treatment or otherwise dealt with was issued by the aforesaid El Paso County Court on the 28th of April, 1961, and that thereafter the Petitioner was taken to the Colorado State Hospital on the 8th day of June, 1961; subsequently Petitioner was transferred to the custody of Katherine Martinez, January 3, 1962, and was not thereafter confined in the said State Hospital.
“THE COURT FURTHER FINDS” that the Petitioner did, in open court, July 6, 1962, withdraw a plea of not guilty and not guilty by reason of insanity at the time of the alleged commission of the crime and, on that same date, entered a plea of guilty to the Information charging the crime of no account check; that the prior pleas were allowed to be withdrawn and the plea of guilty accepted and entered only after the consequences were explained to the Petitioner.
“THE COURT FURTHER FINDS that the sentence imposed by the Trial Court is not void, and the Court Finds that failure to examine all witnesses offered by Petitioner as to extenuation and mitigation is not a failure of due process, and that the judgment and sentence is within the limits prescribed by statute.
“That, therefore, the Court concludes as a matter of law that the writ should be dismissed and the prisoner remanded.”
It is sufficient to say that from the record pre *70 sented to us for review there is not the slightest'justification'in fact or in law for the granting of the relief sought by petitioner. Rader v. People, 153 Colo. 134, 384 P. (2d)-926.
The judgment is affirmed.