*251 Opinion by
Mr. Justice Moore.
Howard Ivan Stanley, plaintiff in error above named, will hereinafter be referred to as defendant.
On the 6th day of July, 1962, an information was filed in the district court of El Paso county against defendant and Billy Lee Stanley (who is now deceased) in which it was alleged that they did “unlawfully and feloniously disfigure and disable and render useless a member, namely, the left leg, of ANDREW FEELEY; * * On September 28, 1962, a plea of not guilty which had theretofore been entered by defendant was withdrawn and a plea of guilty to simple assault was accepted by the court. In this connection the record contains the following: “* * * And the effects and consequences of their said Plea being now here fully explained to them by the Court, they still persist therein. Whereupon the Defendants waive the taking of evidence and matter is continued to October 19th for report of the pre-sentence investigation. * * *”
October 1 an application for probation was filed and thereafter, on the 19th day of October, the court denied the application for probation and entered judgment that defendant be confined in the Colorado State Reformatory at Buena Vista for a period not to exceed one year. At the time sentence was pronounced the court commented, inter alia, as follows:
“This is a case in which the evidence was waived, it being a misdemeanor. Both defendants have entered pleas of guilty and the Court at this time has studied the probation application of Billy Lee Stanley and the probation application of Howard Ivan Stanley and has them before it; and has studied the pre-sentence investigation of the Probation Officer of this Court.
❖ ❖ ❖
“THE COURT: Do you desire to say anything in your behalf?
*252 “MR. HECOX: I have a statement I desire to make in behalf of both boys.
“THE COURT: Do you have any evidence to put on?
“MR. HECOX: I don’t have any evidence but I ask the Court to consider the statement I make.”
Counsel for defendant thereupon made a statement of some length amounting in substance to an appeal for leniency. Mittimus issued immediately and defendant was received at the state reformatory on October 19, 1962.
October 23, 1962, defendant filed a “Motion to Reconsider Sentence,” the ground of which was stated as follows:
“* * * that it is harsh, unjust and unwarranted under the circumstances, and that certain information concerning the offense and the defendants was erroneously and mistakenly not presented either as a matter of mitigation or in the pre-sentence investigation report, and further, that had the Court been aware of said information it would not have imposed the sentence as it did.”
This motion came on for hearing November 2, 1962, and was denied. In denying it the court said: “The Court has carefully considered the Rules of Criminal Procedure and can find no basis for this motion- — That is, a motion to reconsider sentence. * * *”
Defendant seeks review by writ of error.
It is argued that at the time the court imposed sentence the judge made statements concerning facts which did not reflect an understanding of the true circumstances surrounding the commission of the crime to which defendant pled guilty. Defendant sought to call witnesses to indicate that the assault committed by him was not without some provocation and that he received some bruises in the altercation. The basis for the “Motion for Reconsideration of Sentence” is that if all the facts were available to the trial court a lesser sentence might have been imposed, and that under these circumstances the sentence comes within the purview of Rule *253 35, Colorado Rules of Criminal Procedure which makes provision for the correction of an illegal sentence.
 We think it sufficient to say that the record before us shows conclusively that the sentence imposed was in all respects legal, and under the holding of this court in Williams v. People, 134 Colo. 580, 307 P.2d 466, and Little v. People, 138 Colo. 572, 335 P.2d 863, the trial court committed no error in denying the motion.
The judgment accordingly is affirmed.
Mr. Justice Hall and Mr. Justice Day concur.