## No. 17,566.

RAY HAWKINS *v.* PEOPLE OF THE STATE OF COLORADO.

(281 P. [2d] 156)

Decided March 14, 1955.    Rehearing denied April 4, 1955.

Mr. JOHN J. GIBBONS, Messrs. OWNBEY & GREINETZ, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK A. WACHOB, Deputy Attorney General, Mr. NORMAN H.

Comstock, Assistant Attorney General, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

Plaintiff in error, to whom we will herein refer as defendant, on June 7, 1954, entered a plea of guilty to an information in which he was charged with a crime against nature. June 11, 1954, the court pronounced judgment upon said plea and sentenced him to serve a term of not less than two, nor more than six, years in the state penitentiary.

August 11, 1954, defendant, appearing by counsel other than the one who represented him at the time his plea of guilty was entered, filed a "Motion to Vacate Sentence, Strike Testimony, Vacate Proceedings, Strike Plea of Guilty and Enter Not Guilty Plea." August 30, a supplemental or amended motion of the same nature was filed, in which additional reasons were set forth as grounds for granting the relief sought. The plea of guilty was entered before the Honorable Claude C. Coffin who also sentenced the defendant to prison. Between the date of said judgment and the filing by defendant of said motion, Judge Coffin died, and the Honorable William E. Buck heard defendant's motions, which were denied August 30, 1954. The case is before this Court on writ of error directed to the order denying the motions to vacate the plea of guilty.

Counsel for defendant contend that the judgment and sentence should be reversed because the court erred in three particulars, as follows:

(1) Error was committed by the trial court by "determining that the defendant could not be released on probation where such determination was based solely on the fact that probation should not be granted in cases

involving crime against nature and without having the requisite probation investigation and report."

(2) Error was committed in that it is mandatory under Article 19, chapter 39, '53 C.R.S., "that the trial court have the defendant examined by a psychiatrist."

(3) The trial court erred in entering the judgment for the reason that defendant's plea of guilty was not his free and voluntary act, and the evidence "offered to sustain the charges" was insufficient "to prove a corpus delicti."

With reference to the first of the above contentions, suffice it to say that no application for probation was filed by defendant. During the proceedings had upon entry of the guilty plea the then attorney for defendant stated, "I should like to have leave to file an application for probation." The following then took place:

"THE COURT: Under the law you have a right to apply for it, and of course I can tell you off hand, these cases, of course we have several interests to consider, the welfare of the defendant himself, but principally whether it is for the public good, and the very nature of the offense, it is almost necessary to exclude the idea of probation.

"MR. MARCH: That is really, your Honor, the way I felt about it. It hasn't been recognized in the past as a subject for probation, and I didn't want to do it unless there was a very good chance of getting it.

Thereupon the district attorney asked defendant a series of questions based upon the assumption that an application for probation would be filed by him. Four days later, when the case came on for imposition of sentence, the trial court stated in the presence of defendant and his attorney: "Application for probation was not made in this case. The defendant is before the Court for sentence. Does the district attorney move for sentence?" The district attorney replied in the affirmative, and after statements by him, and a plea for leniency by

counsel for defendant, the following conversation took place:

"THE COURT: Stand up, Mr. Hawkins. (The defendant stood.) Is there any reason why judgment of the Court should not now be passed against you?

"MR. HAWKINS: No.

"THE COURT: Do you want to make any statement to the Court at all? You may do so if you desire.

"MR. HAWKINS: No, sir."

The court thereupon pronounced judgment, and sentence was imposed.

■ We find nothing whatever in this procedure which in the least supports an argument that error was committed. Even though an application for probation had been filed by defendant, the action of the trial court in disposing thereof would not be disturbed on review because of the wide discretion which it has in such matters.

■ The second contention made by counsel for defendant is that, under C.R.S. '53, 39-19-1, et seq., the trial court was required to order a complete psychiatric examination of defendant. The argument is wholly without merit. The statutory provision is to the effect that in the type of sex cases specifically mentioned, "If the district court is of the opinion that any such person, if at large, constitutes a threat of bodily harm to members of the public, or is an habitual offender and mentally ill, the district court in lieu of the sentence now provided by law, for each such crime, may sentence such person to a state institution for an indeterminate term having a minimum of one day and a maximum of his natural life." The statute further provides, in substance, that if, in the discretion of the trial court, it is of the opinion that an offender falls within the class above described, the said sentence of one day to life shall not be entered until a complete psychiatric examination shall have been made of said defendant. The court has discretion to order such examination, or to impose the penalty as directed by the

statute which defines the offense. The record in this case fails to disclose any abuse of this discretion and no error was committed in this connection.

■ The third contention of counsel for defendant, to the effect that the plea of guilty was not the free and voluntary act of defendant, is without a scintilla of support in the record in this case. Defendant was forty-three years of age and was represented by a competent lawyer at the time of his arraignment. He entered a plea of guilty, and was fully advised concerning the consequences of his plea, after which the court asked: "Knowing that to be true, do you still say you are guilty?" It is disclosed by the record in this case that defendant thereupon consulted with his attorney, Mr. March, at some length, after which the court inquired again whether he was guilty of the charge. We quote, inter alia, the following:

"MR. HAWKINS: I will plead guilty, your Honor.

"THE COURT: Well, now, that doesn't quite answer the question. We don't want to plead guilty unless we are guilty, and the question is now, having explained to you what the possible consequences could be, do you say that you are guilty?

"MR. HAWKINS: I am guilty.

"THE COURT: Are you satisfied, Judge March, the defendant understands the charge and his plea?

"MR. MARCH: Yes, sir.

"THE COURT: Very well, the plea of guilty is received and ordered entered. You can make a statement now if you want to or you can wait in regular course."

Defendant voluntarily took the stand and testified, and in the course of his examination freely admitted his guilt.

■ The assertion that the judgment should be reversed for the reason that the evidence "offered to sustain the charges" was insufficient "to prove a corpus delicti" is without merit. In *Champion v. People,* 124 Colo. 253, 236 P. (2d) 127, we said, inter alia:

"The only purpose of taking evidence following entry of a plea of guilty is to show the 'aggravation and mitigation of the offense' as required by the provisions of section 482, chapter 48, '35 C.S.A. It is not necessary that all essentials of an offense shall be established by evidence following a plea of guilty, because the purpose of the inquiry is to reveal 'aggravation' or 'mitigation' of the offense for the guidance of the court in the imposition of sentence."

The judgment is affirmed.