No. 21826.

JERRY STILLEY AND JOSEPH SCHEER *v.* THE PEOPLE OF THE STATE OF COLORADO.
(417 P.2d 494)

Decided August 8, 1966.

330

WILLIAM A. BLACK, H. MALCOLM MACKAY, for plaintiffs in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JAMES F. PAMP, Assistant, for defendant in error.

*In Department.*

PER CURIAM.

THIS is a review of the trial court's denial, after hearing, of a motion under Rule 35(b), Colo. R. Crim. P., filed jointly by the plaintiffs in error. Their motion, as amended, sought an order vacating the judgment and conviction and an order permitting the defendants to withdraw their pleas of guilty and enter pleas of not guilty.

The defendants were charged with murder in the first degree for the killing of one Darrell J. Suer in 1962. To this charge the defendant Scheer entered pleas of not guilty and not guilty by reason of insanity. The defendant Stilley entered a plea of not guilty. On the day set for trial, at the request of counsel for the defendants a conference was held in chambers, at which time respective counsel for both defendants advised the court that it was their understanding that the People's evidence was solely circumstantial and, under the statute, would not warrant the imposition of the death penalty. They further informed the court that it was the desire of both defendants to withdraw their prior pleas and enter pleas of guilty.

Both defendants were represented by competent counsel, experienced in the trial of criminal cases. The court, in chambers, examined both the defendants at length, explained to them the rights that they were waiving by the entry of such a plea and that by such procedure they were removing themselves only from the possibility of one of the penalties provided by law and, further, that they would be submitting themselves to imprisonment for life.

In open court the defendants formally changed their pleas, at which time they were further advised by the court. A jury was thereupon impaneled. In his opening statement the deputy district attorney stated that the People's case was based solely on circumstantial evidence. Based upon this opening statement counsel for both of the defendants moved the court for directed verdicts providing for a penalty of life imprisonment, and further stated that they, and each of them, waived the taking of evidence.

The trial judge, acting upon the defendants' motions did then direct the return of verdicts of guilty of murder in the first degree, fixing the penalty at imprisonment for life as to both defendants.

The defendants now claim that the trial court did

not properly advise them as to the penalty and did not comply with the provisions of C.R.S. 1963, 39-7-8 and 40-2-3 (3), and allege that the trial court erred in failing to require the taking of evidence and in failing to submit the matter of penalty to the jury for its consideration.

At the hearing on their motion the defendants elected to stand on the transcript of the proceedings before the trial court above summarized and offered no further testimony or evidence. The record clearly discloses that the pleas of guilty were voluntarily, intelligently and advisedly made, and that the defendants knew the consequences thereof. We hold that they are therefore bound by their election.

■ The purpose of C.R.S. 1963, 39-7-8 relating to the taking of testimony on a plea of guilty when the court has discretion as to the penalty is to show aggravation or mitigation. In this case, there was no discretion to be exercised in the imposition of the penalty. Moreover, the statute does not require the proof of all of the elements of the crime nor of corpus delicti, and its provision may be waived, as the circumstances indicate was done here. *Marler v. People,* 139 Colo. 23, 336 P.2d 101; *Williams v. People,* 134 Colo. 580, 307 P.2d 466; *Hawkins v. People,* 131 Colo. 281, 281 P.2d 156; *Champion v. People,* 124 Colo. 253, 236 P.2d 127.

■ It is further clear that any error there may have been in the imposition of sentence was suggested or invited by the defendants. Any objection that may have been available to the defendants as to matters of procedure were knowingly waived. The tactics they chose to adopt obtained the precise result they sought — the elimination of the submission of the death penalty for consideration of the jury. Any error there may have been operated to the advantage of the defendants and was without prejudice to them. A defendant in a criminal case cannot successfully allege error to the ruling of the court made on his own motion, nor attack

the action of the court induced by him. *Cowles v. People,* 107 Colo. 161, 110 P.2d 249; *Efsiever v. People,* 105 Colo. 88, 96 P.2d 8; *Parker v. People,* 13 Colo. 155, 21 Pac. 1120; 5 Am. Jur. 2d Appeal and Error § 713.

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE MCWILLIAMS and MR. JUSTICE PRINGLE concur.