**Donald CORN, Appellant,**

v.

**The STATE OF OKLAHOMA, and Ray H. Page, Warden, State Penitentiary, Appellees.**

**No. 9737.**

United States Court of Appeals Tenth Circuit.

May 13, 1968.

Douglas McKay Kerr, Boulder, Colo., for appellant.

Charles L. Owens, Asst. Atty. Gen. of Oklahoma (G. T. Blankenship, Atty. Gen. of Oklahoma, on the brief), for appellees.

Before PICKETT, LEWIS and SETH, Circuit Judges.

PICKETT, Circuit Judge.

After an evidentiary hearing, the trial court denied habeas corpus relief to appellant Corn, who is serving a 50-year sentence in the Oklahoma State Penitentiary. The only question presented by this appeal is whether Corn's plea of guilty following negotiations with the state prosecutor for a recommended sentence was made under circumstances which denied him due process under the Fourteenth Amendment.

Early in April of 1945 Corn was incarcerated in the Muskogee County, Oklahoma jail on a charge of forgery. While effecting an escape, Corn and a co-prisoner assaulted a jailer with an iron pipe, seriously injuring him, and absconded with his pistol. Immediately thereafter the escapees stole an automobile and fled to Texas where they were apprehended and returned to the Oklahoma State Penitentiary for safe keeping. The County Attorney of Muskogee visited Corn at the penitentiary to discuss the charges which might be filed against him and possible sentences. Corn was advised that one of the charges could include robbery with a dangerous weapon, which was a capital offense. The prosecutor testified that the purpose of the meeting was to reach an agreement upon the sentence which would be recommended if Corn should elect to plead guilty; that Corn was then advised that upon a plea of guilty to the robbery charge, a 50-year sentence would

be recommended, with any sentences imposed on the other criminal charges to run concurrently. No agreement was reached.

In May the prisoners were returned to Muskogee County for preliminary hearings. Four informations were then filed in the district court charging Corn with robbery by force, assault with intent to kill, theft of an automobile, and forgery. Although Corn had two previous felony convictions in Oklahoma, the Oklahoma Habitual Criminal statute was not invoked. Up to this time Corn was without counsel. On June 1, 1945 he was brought into district court for arraignment, where an attorney practicing in the city of Muskogee was appointed to represent him. After a brief conference a plea of not guilty was entered. The testimony of appointed counsel was not available, but Corn testified that following the plea of not guilty the attorney conferred with him on three separate occasions, at one of which a representative from the county attorney's office was present. Apparently at this last conference Corn agreed to plead guilty provided a 50-year sentence on the charge of robbery by force was recommended to the district judge. Corn had not at any time prior to these meetings admitted his guilt, made any incriminating statements, or indicated any inclination to plead guilty. On June 4 Corn appeared in open court with his counsel, withdrew his plea of not guilty, and entered a plea of guilty. The court accepted the recommendation of the prosecutor and entered judgment and sentence accordingly.

■ The county attorney testified that it was the practice in Muskogee County for the county attorney to select members of the local bar to represent indigents charged with crimes, and to recommend their appointment to the district judge, who made the appointment. The prosecutor also testified that one of the men assaulted in the jail break was a close friend of the district judge, as both were of "Indian extraction." While not challenging the practice of negotiations between an accused and the prosecutor, it is argued that the circumstances of this case disclose such unfairness in the negotiations or, as expressed by counsel for appellant, "in the plea bargaining", as to deny Corn constitutional due process.[1] While it is true that a prosecutor should not be permitted to select his legal opposition in a criminal case, we find nothing in the record to substantiate the claim that Corn's counsel did not adequately represent him in the discussions concerning the sentence to be recommended on a plea of guilty. Corn was no stranger in the criminal courts; he had on two previous occasions, when represented by employed counsel, entered pleas of guilty to felony charges. It is evident from the record that Corn fully understood the situation, knew his rights and the consequences of a plea of guilty. He was neither deceived nor coerced. After a complete appraisal he decided that the recommended offer was the best he could do and that he would "take it." Understandably, he was not satisfied with the arrangement for a 50-year sentence, but as he testified, he "did enter the plea voluntarily."

■ The trial court found that Corn was adequately represented by counsel, that he fully understood what he was doing, and voluntarily entered his plea of guilty. The record amply supports these findings. We have repeatedly said that a voluntary plea of guilty

1. Generally, the courts considering the practice of negotiations between prosecuting officials and those accused of crimes, have recognized its value to the disposition of criminal litigation when conducted fairly, and when the rights of the accused are fully protected. 22 C.J.S. Criminal Law § 423(5); Cooper v. Holman, 5 Cir., 356 F.2d 82, cert. denied 385 U.S. 855, 87 S.Ct. 103, 17 L.Ed.2d 83; Lattin v. Cox, 10 Cir., 355 F.2d 397; Cortez v. United States, 9 Cir., 337 F.2d 699, cert. denied 381 U.S. 953, 85 S.Ct. 1811, 14 L.Ed.2d 726; Kent v. United States, 1 Cir., 272 F.2d 795; Tabor v. United States, 4 Cir., 203 F.2d 948, cert. denied 345 U.S. 1001, 73 S.Ct. 1148, 97 L.Ed. 1407.

waives all nonjurisdictional defects in the proceedings preliminary thereto. Moore v. Rodriguez, 10 Cir., 376 F.2d 817, cert. denied 389 U.S. 876, 88 S.Ct. 174, 19 L.Ed.2d 164, and cases cited.

Affirmed.