**Robert M. BRADY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 10110.**

United States Court of Appeals
Tenth Circuit.

Dec. 17, 1968.

5. See note 3, supra.

Peter J. Adang, Albuquerque, N. M., for appellant.

John A. Babington, Asst. U. S. Atty. (John Quinn, U. S. Atty., on the brief) for appellee.

Before JONES*, BREITENSTEIN and HOLLOWAY, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant seeks § 2255 relief from a 50-year sentence imposed on his guilty plea to a violation of the Federal Kidnaping Act. 18 U.S.C. § 1201. The district court held an evidentiary hearing and denied relief.

In United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138, the Court held that the death penalty provision of the Federal Kidnaping Act imposed an impermissible burden on the exercise of a constitutional right but that such provision is separable and does not destroy the remainder of the Act. The Court recognized that the presence of the proscribed provision did not imply that every guilty plea was involuntary. Id. at 583.

Voluntariness is a question of fact and all matters which bear thereon must be considered. See McFarland v. United States, D.C.Md., 284 F.Supp. 969, 977. The appellant and one Tafoya were charged jointly. Appellant was represented by attorney LaFollette who was retained almost immediately after appellant's arrest. Tafoya was represented by retained attorneys Espinosa and Chavez. At the § 2255 hearing, appellant, his codefendant Tafoya, LaFollette, and Espinosa testified. On agreement of counsel a letter from Chavez, then Chief Justice of the Supreme Court of New Mexico, was received in evidence. The testimony of the lawyers and of their clients was in sharp conflict. The trial court chose to believe the lawyers and said:

"The Court further finds that the plea of guilty was made by the petitioner by reason of other matters and not by reason of the statute nor by reason of any acts or conduct of Judge Hatch [the sentencing judge]."

The other matters included appellant's knowledge at the time LaFollette was retained of Tafoya's confession, LaFollette's report to appellant of his investigation including a review of prospective testimony of government witnesses, knowledge that Tafoya would plead guilty, and LaFollette's advice on legal issues including the inadmissibility of Tafoya's confession and the possibility that Tafoya would testify against appellant. The finding of the trial court that the guilty plea was not made because of the statute but because of other matters is supported by substantial evidence and is binding on us. We are convinced that the appellant voluntarily pleaded guilty.

The other points raised deserve little consideration. The findings dispose of the claims of promises regarding sentence and executive clemency. The findings and the evidence amply show competence of counsel. The exclusion of the mother's testimony of her conversation with Tafoya's mother was proper under the hearsay rule. Neither the presentence report nor the subsequent grant of executive clemency had anything to do with the voluntariness of the plea.

Affirmed.

* Of the Fifth Circuit, sitting by designation.