Larry Don Wesley MAYNARD,
Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15248.

Court of Criminal Appeals of Oklahoma.

July 15, 1970.

———◆———

Jay Dalton, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Gary F. Glasgow, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge:

Larry Don Wesley Maynard was charged in the District Court of Tulsa County with the crime of Burglary in the Second Degree After Former Conviction of a Felony. He was tried by the court who found him guilty and assessed his punishment at imprisonment in the state penitentiary for an indeterminate term of 12 to 36 years, and he appeals.

The single question raised in this appeal is that in the prior conviction relied upon by the State, he was not represented by counsel, nor had he effectively waived the same.

The prior conviction introduced, and upon which the State relies, for the former conviction, recites that the defendant, while represented by counsel, entered a plea of guilty in the Superior Court of Okmul-gee County, Case No. 2086, and was sentenced to serve a term of three years imprisonment in the state penitentiary, which sentence was satisfied by his having served the same. Post Conviction Appeal was denied in the Court of Criminal Appeals, Case No. A–14950, wherein this Court determined that the defendant was represented by counsel in the Superior Court of Okmulgee County Case No. 2086. The pertinent part of the Order relating to this issue cited that:

"The records in this case indicate that Petitioner was arrested on September 16, 1968, in Tulsa County and that on October 17, 1968, he was found guilty of second degree burglary after former conviction. On November 15, 1968, Petitioner was received at the Oklahoma State Penitentiary to begin serving said sentence. Petitioner's former conviction was in the Superior Court of Okmulgee County, Case No. 2086, wherein he was sentenced to a term of three years imprisonment for the crime of larceny of an automobile on July 23, 1965. The Okmulgee County judgment and sentence states on its face in part:

'* * * defendant, being personally present and represented by counsel in open court, * * * said defendant having entered his plea of guilty * *'

The law is clear that where a defendant is represented by counsel and enters an effective plea of guilty, he waives any irregularity in prior proceedings. Parker v. State, Okl.Cr., 330 P.2d 1049. Corn v. Oklahoma, 394 F.2d 478 (10th Cir. 1968). Consequently, we find no constitutional defect or infirmity in the Okmulgee County conviction. It is noted that Petitioner does not allege that he was not represented by counsel when entering his plea of guilty, nor does he allege that the judgment and sentence is incorrect where it states that he was represented by counsel."

It thus appears that the single assignment of error sought to be urged on appeal is without merit and it otherwise appear-

ing that the court's finding that the defendant was guilty of Burglary in the Second Degree After Former Conviction of a Felony is amply supported by the evidence, the judgment and sentence appealed from is accordingly affirmed.

BRETT, P. J., and NIX, J., concur.