**Robert Malvais BRADY, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 216–70.**

United States Court of Appeals,
Tenth Circuit.

Oct. 26, 1970.

Carl N. Kelly, Wichita, Kan. (Leo H. Smith, Denver, Colo., on the brief), for appellant.

John A. Babington, Asst. U. S. Atty. (Victor R. Ortega, U. S. Atty., with him on the brief), for appellee.

Before BREITENSTEIN, SETH, Circuit Judges, and TEMPLAR, District Judge.

PER CURIAM.

This is a direct appeal from the District of New Mexico where appellant, charged with escape in violation of 18 U.S.C. § 751(a), was convicted by a jury.

In 1959 appellant pled guilty to a kidnapping charge and was sentenced to a long term of imprisonment. In a prior 28 U.S.C. § 2255 proceeding, this court affirmed the holding that the plea of appellant was voluntary, Brady v. United States, 404 F.2d 601 (10th Cir.), and the Supreme Court affirmed, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747.

In August 1969 appellant Brady was taken to Albuquerque, New Mexico, under a writ of habeas corpus adtestificandum to testify in a State case. He there escaped from the county jail and was recaptured a few days later. He was charged for this escape in this action and upon conviction he was sentenced to a five year term to be served consecutively to the kidnapping sentence he was serving.

As a defense to the escape charge appellant sought to show that a fellow inmate at Leavenworth Penitentiary, who was a convicted murderer, had threatened him, and appellant feared for his life to such an extent that he escaped rather than face the return to Leavenworth. Defendant did not testify himself, but a fellow inmate did so and related the story and the threat. The defendant the day of the trial wished to have another inmate testify, and asked a continuance to have a writ issue to have him brought from Leavenworth to Albuquerque. This request was refused.

■ Appellant's first point on appeal is that the trial court abused its discretion in refusing to issue a writ of habeas corpus ad testificandum for the second witness, and in denying the motion for continuance. The granting of an application for a writ of habeas corpus ad testificandum rests in the sound discretion of the trial court. United States v. Reed, 413 F.2d 338 (10th Cir. 1969). While the witness that defendant did not produce might have been persuasive, his testimony could have done no more than provide the same information as testified to by the first witness. Under the circumstances it was not an abuse of discretion for the trial judge to deny the continuance on the ground that the testimony of the proposed witness would be cumulative.

■ Defendant's second point is that he was denied effective assistance of counsel. The requirement of effective assistance of counsel does not mean merely the presence of counsel. Brubaker v. Dickson, 310 F.2d 30 (9th Cir. 1962). On the other hand, it does not mean victorious or flawless counsel. The complaint as to counsel here concerns the question whether arrangements should have been made at an earlier date to have a writ issue for the second witness when a letter was received by the attorney relating to the willingness of the witness to testify. Taking the record as a whole, the other testimony available, and noting the diligence of counsel in

pursuing the defense despite the absence of a crucial element in defendant's case, it certainly cannot be said that this trial was a sham or a farce.

Accordingly, we affirm.