Edwin E. **ALBAUGH**, Plaintiff-Appellant,

v.

**UNITED STATES of America**,
Defendant-Appellee.

No. 525–70.

United States Court of Appeals,
Tenth Circuit.

Sept. 16, 1971.

---

Michael E. Katch, Denver, Colo. (Edwin B. Fieman, Denver, Colo., on the brief), for appellant.

Glenn J. Mecham, Asst. U. S. Atty., Salt Lake City, Utah (C. Nelson Day, U. S. Atty., and H. Ralph Klemm, Asst. U. S. Atty., on the brief), for appellee.

Before PHILLIPS, HILL and DOYLE, Circuit Judges.

HILL, Circuit Judge.

The appeal is from an order denying relief from a judgment of conviction and sentence after a plea of guilty of bank robbery and associated kidnapping.

Appellant entered his plea of guilty to the two counts of the indictment on April 22, 1960, and received a twenty-five year sentence. Nine years later and in 1969, Albaugh filed a § 2255 motion with the sentencing court, alleging, together with other grounds for relief, that the sentencing court failed to comply with Rule 11, F.R.Crim.P., as the rule then provided, in accepting the plea of guilty. The motion was denied, upon the basis of the record, but without an evidentiary hearing. Albaugh appealed to this Court from that ruling, and by an unpublished opinion, this Court remanded the case for hearing upon the question of the voluntariness of the plea. A hearing in the sentencing court was thereafter held with Albaugh being present. On the basis of the record, and on Albaugh's statements to the court during this hearing, the trial court determined the plea of guilty to be voluntary and with complete understanding of the consequences involved, and ordered Albaugh to be returned to his place of confinement. This appeal followed.

Appellant makes three points here: (1) Title 18 U.S.C. § 2113(e) is unconstitutional; (2) the trial court failed to comply with the provisions of Rule 11, F.R.Crim.P. as it existed in 1960; and, (3) invalidity of the indictment.

Appellant's contention as to the unconstitutionality of § 2113(e) is bottomed on the Supreme Court decision in United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968), and Pope v. United States, 392 U.S. 651, 88 S.Ct. 2145, 20 L.Ed.2d 1317 (1968). In the Jackson case, the court struck down the death penalty provision of the Federal Kidnapping Act, 18 U.S.C. § 1201(a) and in the Pope case, determined the death penalty provision of the Federal Bank Robbery Act, 18 U.S.C. § 2113(e) suffers from the same constitutional infirmity as found in the Jackson case. The court made it clear in the Jackson case that in striking down death penalty portion of the Federal Kidnapping Act, the remaining provisions of

the act were not affected.[1] The same conclusion must be reached with respect to the Bank Robbery Statute. After deleting the death penalty portion of that statute, the remaining portion is left fully operative as a law.[2] We reject appellant's argument that the entire statute is unconstitutional.

In connection with appellant's argument on the unconstitutionality of the Bank Robbery Statute, he urges that his plea of guilty was coerced by the provision of the statute providing for the assessment of the death penalty by a jury. Thus the plea of guilty was violative of the protections afforded by the Fifth and Sixth Amendments. More precisely stated, he says the statute provision "punished by death if the verdict of the jury shall so direct" induced his guilty plea since the alternative of pleading not guilty could result in the death penalty, rather than imprisonment, if the jury so determined.

██ The question posed is not a novel one. In Brady v. United States, 404 F.2d 601 (10th Cir. 1968), aff'd 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747, this Court interpreted United States v. Jackson, supra, as recognizing "that the presence of the proscribed provision did not imply that every guilty plea was involuntary." That statement was made with reference to the Federal Kidnapping Act, but it is certainly likewise applicable to the death penalty provision of the Federal Bank Robbery Act. The question whether a plea is voluntary or involuntary under the statute here considered is one of fact based on a consideration of all the surrounding circumstances.[3] As in Runge, appellant's claim of the involuntariness of the plea must fail for lack of evidence.

At the 1970 hearing, the trial judge carefully questioned Albaugh about force, duress, influence, persuasion, rewards and promises in connection with the original plea. Albaugh answered that none of these factors affected the plea. He admitted full knowledge of the statute and of the penalties provided by the statute. He further explained that he "choose to plead guilty to avoid the jury trial and, naturally to avoid the death penalty." No claim is made as to the inadequacy of counsel or of the legal advice afforded to him.

██ Much of what we have said above applies equally to appellant's contention that Rule 11, as it existed at the date of the plea, has not been complied with. In numerous cases this Court held that under the Rule, as it existed prior to 1966, no particular ritual or line of questions was required, and that it was sufficient if the accused was in fact aware of the nature of the charge and the consequences of a plea of guilty.[4] From the record, we are convinced, as was the trial judge, that appellant's plea of guilty was voluntarily made and considering the whole record, Rule 11, as it existed at the time of the plea, has been complied with.

In view of our determination that the Federal Bank Robbery Act, except the death penalty provision, is constitutional, we do not reach appellant's meritless contention concerning the invalidity of the indictment.

Affirmed.

1. At page 586 of 390 U.S., at page 1218 of 88 S.Ct. of the opinion, the court stated: " * * * it is clear that the clause authorizing capital punishment is severable from the remainder of the kidnapping statute and that the unconstitutionality of that clause does not require the defeat of the law as a whole."

2. Champlin Ref. Co. v. Corporation Commission, 286 U.S. 210, 52 S.Ct. 559, 76 L.Ed. 1062 (1931).

3. Runge v. United States, 427 F.2d 122 (10th Cir. 1970); Brady v. United States, 404 F.2d 601 (10th Cir. 1968), aff'd 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747.

4. Miller v. Crouse, 346 F.2d 301 (10th Cir. 1965); Nunley v. United States, 294 F.2d 579 (10th Cir. 1961), cert. denied 368 U.S. 991, 82 S.Ct. 607, 7 L.Ed.2d 527.