William Morgan ARCHER, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 71–3347

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 5, 1972.

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

Arthur Blanchard, Dallas, Tex. (Court-appointed), for petitioner-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Edward B. McDonough, Jr., Asst. U. S. Attys., Houston, Tex., for respondent-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

BELL, Circuit Judge:

On June 2, 1967, appellant, represented by two retained attorneys, pleaded guilty to bank robbery in violation of 18 U.S.C.A. § 2113(a). At the time he also stood indicted for kidnapping a bank official in violation of 18 U.S.C.A. § 2113(e). He pleaded not guilty to this count and it was dismissed subsequent to his having been sentenced on the bank robbery count.

Appellant now contends in a motion filed pursuant to 28 U.S.C.A. § 2255, that his plea was invalid as having been coerced, as having been entered without compliance by the court with Rule 11, F.R.Crim.P., and as having been entered without benefit of the court ordering a proper mental examination of him. He also urges that the court erred in refusing to provide him with a copy of the record of the proceedings having to do with his guilty plea for use in the § 2255 proceeding.

The district court denied relief without an evidentiary hearing. We affirm.

■ The contention of coercion rests on the pending indictment under § 2113(e) which permitted a death penalty, and which is said to operate coercively.[1] The idea that appellant plead under the robbery count to avoid the risk of a death penalty under the count based on § 2113(e).

It is true that the death penalty provision of § 2113(e) was declared unconstitutional in Pope v. United States, 1968, 392 U.S. 651, 88 S.Ct. 2145, 20 L.Ed.2d 1317.[2] It is appellant's position, given the possible coercive effect of the pending count under § 2113(e), which had not then been declared unconstitutional, that the district court should have at least held a hearing to determine the possible effect on the plea of that portion of § 2113(e), which has since been declared invalid.

The short answer to this entire line of argument is that the government announced in open court, in the presence of appellant and his counsel, one week prior to the entry of the plea of guilty, that the death penalty would not be

1. 18 U.S.C.A. § 2113(e):

"Whoever, in committing any offense defined in this section [Bank Robbery], or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or punished by death if the verdict of the jury shall so direct."

2. The infirmity found in *Pope* was that the death penalty provision in § 2113(e) applied only to trials by jury, thereby placing an impermissible burden upon the Fifth Amendment right not to plead guilty and the Sixth Amendment right to jury trial. See United States v. Jackson, 1968,

390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138. Brady v. United States, 1970, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747, dealt with the problem of a guilty plea which was entered while defendant was under indictment for violation of the federal kidnapping statute, 18 U.S.C.A. § 1201(a), whereunder only the jury could impose the death penalty. The court held that the validity of the plea was to be determined on the basis of whether it was knowingly and voluntarily made. The court stated that the answer to this question comes from a consideration of all of the relevant circumstances surrounding the plea, including the possible coercive effect of the part of § 1201(a) which had been declared invalid in *Jackson* just as and for the same reasons that § 2113(e) was declared invalid in *Pope*.

sought under the § 2113(e) count. Thus there was no coercive effect from the death penalty provision at the time the plea was entered. It follows that there was no need for a hearing in the district court on this issue.

 The district court did not err in refusing to conduct a hearing to determine whether appellant was competent to assist his counsel and to understand his plea. The record contains the testimony of one psychiatrist who examined appellant for the court and the report from another who was selected by the defense. These psychiatrists reached conclusions adverse to the contentions of appellant on the competency issue. In fact, it was shortly after this point in the original proceedings, i. e., after hearing from the psychiatrists, that appellant changed his plea from not guilty to guilty.

Appellant also claims a violation of Rule 11, F.R.Crim.P., in that the arraigning judge did not inquire into his understanding of the nature of the charge and the consequences of his plea strictly in accordance with Rule 11. The plea here was entered prior to McCarthy v. United States, 1969, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, wherein a violation of Rule 11 was declared to be reversible error entitling a defendant to plead anew. *McCarthy* is not retroactive. Halliday v. United States, 1969, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16. It is plain from this pre-*McCarthy* record that the plea was entered knowingly and voluntarily and there the matter ends.

There is no merit in appellant's claim of error based on the denial of him at government expense of the record of the proceedings prior to and surrounding his plea for use in the § 2255 proceeding.

Affirmed.