In the Matter of BENJAMIN H. BRIGHENTI et al., Petitioners, *v.* JUDGES OF THE NEW YORK SUPREME COURT OF RICHMOND COUNTY et al., Respondents.

Second Department, April 2, 1973.

*Frank A. Lopez* for petitioners.

*John M. Braisted, Jr., District Attorney (Norman C. Morse* of counsel), respondent in person.

*Louis J. Lefkowitz, Attorney-General (A. Seth Greenwald* of counsel), for respondents.

BRENNAN, J. This proceeding in the nature of prohibition, pursuant to article 78 of the CPLR, initiated in this court against the respondents, Justices of the Supreme Court and the District Attorney of Richmond County, prays for judgment restraining the respondents from proceeding further with the prosecution of a kidnapping indictment pending against the petitioners in Richmond County.

Preliminarily, we find no merit to the respondents' claim that specified procedural defects are jurisdictionally fatal to the application.

We thus reach the substantive question as to whether a trial of the petitioners under the kidnapping indictment would place

them in double jeopardy in violation of their rights under the Federal and State Constitutions (U. S. Const., 5th Amdt.; N. Y. Const., art. I, § 6).

The prosecution of the petitioners arose out of the April 13, 1971 robbery of the Community National Bank and Trust Company of Fort Hamilton Army Base, Brooklyn, New York, in which the bank manager, one Charles Di Sogra, was taken hostage at his Staten Island residence on April 12, 1971 and forced to assist the petitioners in the robbery of the bank. The petitioners were arrested by the Federal authorities several days after the event. The petitioners were indicted in the United States District Court for the Eastern District of New York under a four-count indictment charging violations of title 18 of the United States Code as follows: count one — robbery, in violation of subdivision (a) of section 2113, and section 2; count two — assault, in violation of subdivision (d) of section 2113, and section 2; count three — forcible accompaniment without consent (kidnapping), in violation of subdivision (e) of section 2113; and count four — conspiracy to commit bank robbery, in violation of section 371.

Subsequently, on May 10, 1971, without the State of New York ever having custody of the petitioners, the Richmond County Grand Jury returned an indictment (No. 122/71) against the petitioners charging kidnapping in the first and second degrees under sections 135.25 and 135.20 of the Penal Law. Neither petitioner was ever arraigned under the State indictment. On December 17, 1971, on his plea of guilty to count three of the Federal indictment, petitioner Pompa was sentenced to the custody of the Attorney General of the United States for a 15-year prison term. On April 7, 1972, on his plea of guilty to the third count of the Federal indictment, petitioner Brighenti was sentenced to the custody of the United States Attorney General for a 12-year prison term. The remaining counts (one, two and four) of the Federal indictment were dismissed as to each petitioner on motion of an Assistant United States Attorney. Neither petitioner filed a notice of appeal and there are no proceedings pending in the Federal courts relating to the Federal convictions. Both petitioners are presently serving their Federal sentences.

Specifically, it is the claim of the petitioners that any further proceedings on the kidnapping indictment in Richmond County will subject them to double jeopardy in violation of their constitutional rights.

The pivotal issue is whether the Federal indictment included the charge of kidnapping, which is the gravamen of the State indictment. In our opinion, the charges were essentially the same. The kidnapping charge under the Federal indictment was not brought pursuant to the general kidnapping provisions of title 18 of the United States Code (§ 1201) for the reason that interstate transportation of the bank manager was not involved. Rather, the Federal kidnapping charge derived from the Federal bank robbery statute (U. S. Code, tit. 18, § 2113, subd. [e]). Section 2113 of the Federal statute sets forth various specific crimes and provides separate and disparate punishment for each. Subdivision (a) relates to robbery by force and violence; subdivision (b) to larceny; subdivision (c) to the receipt and concealment, etc., of property or money stolen in violation of subdivision (b); subdivision (d) to an assault in connection with a violation of subdivisions (a) and (b); and subdivision (e), with which we are concerned in the present case, provides insofar as pertinent: "Whoever, in committing any offense defined in this section * * * forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years or punished by death if the verdict of the jury shall so direct."[1]

Count one of the Federal indictment charged a taking of property or money by force and violence (robbery), specifically in violation of subdivision (a). Count three of the Federal indictment alleged the underlying facts constituting the robbery under subdivision (a) and, additionally, set forth facts showing forcible accompaniment without consent, in violation of subdivision (e). The crimes charged in counts one and three of the Federal indictment are separate and distinct. While subdivision (e) of the statute does not explicitly define the crime therein as kidnapping, it nonetheless spells out kidnapping within the purview of the Federal bank robbery statute. The crime provided for in subdivision (e) is essentially, if not *in haec verba*, kidnapping.[2]

Federal decisions recognize the independence of the charges set forth in subdivisions (a) and (e), and some expressly characterize a violation of subdivision (e) as "kidnapping". In

1. Subdivision (e) was declared unconstitutional and unenforceable, insofar as it provides for the death penalty, in *Pope* v. *United States* (392 U. S. 651). The remainder of the subdivision remains the same.

2. In this connection, we note the more severe punishment prescribed in subdivision (e) of the statute, as compared to the punishment prescribed for the remaining crimes set forth. In our view, the increased punishment is consistent with the more culpable and aggravated crime of kidnapping.

*Archer* v. *United States* (457 F. 2d 948), the defendant pleaded " guilty to bank robbery in violation of 18 U. S. C. A. § 2113(a) " and " at the time he also stood indicted for kidnapping a bank officer in violation of 18 U. S. C. A. § 2113(e) " (p. 949). [Note that the third count of the Federal indictment at bar charges a violation of subdivision (e) of section 2113 of title 18 of the U. S. Code.]

In *United States* v. *Bailey* (458 F. 2d 408), the defendant was charged and convicted (reversed on the issue of an invalid search warrant) for bank robbery, a violation of subdivisions (a), (d) and (e) of section 2113 of title 18 of the United States Code. There, the defendant, with a female accomplice, kidnapped the manager of a savings and loan bank and his family. The family of the manager was held hostage by the defendant while his female accomplice accompanied the manager to the bank where currency was handed over to the accomplice.

In *Albaugh* v. *United States* (448 F. 2d 760), the defendant was convicted " after a plea of guilty of bank robbery and associated kidnapping " (p. 761). In that case, the court upheld the constitutionality of subdivision (e) of section 2113, except insofar as it provided for the death penalty (citing *Pope* v. *United States*, 392 U. S. 651, *supra*).

We conclude that there is substantial identity (cf. *People* v. *Lo Cicero*, 14 N Y 2d 374) between count three of the Federal indictment charging a violation of subdivision (e) of section 2113 of title 18 of the United States Code and the kidnapping counts of the pending Richmond County indictment. A final judgment having been rendered on the Federal charge, on the petitioners' respective pleas of guilty to the third count of the Federal indictment, the petitioners have been twice placed in jeopardy by the pending Richmond County kidnapping indictment, in violation of their constitutional rights under the Federal and State Constitutions (U. S. Const., 5th Amdt.; N. Y. Const., art. I, § 6).

The petitioners have a constitutional right " not to be harassed, or perhaps even impoverished by successive prosecutions for the same offense " (*Matter of Ferlito* v. *Judges of County Ct., Suffolk County*, 39 A D 2d 17, 21, affd. 31 N Y 2d 416).

Therefore, the petitioners' application should be granted, without costs.

HOPKINS, Acting P. J., MUNDER, MARTUSCELLO and LATHAM, JJ., concur.

Application granted, without costs.