Billy Ray **LANGKEIT**, Petitioner,

v.

**STATE OF OKLAHOMA and Richard Crisp, Warden, Respondents.**

No. CIV–76–0126–D.

United States District Court,
W. D. Oklahoma.

April 19, 1976.

---

Billy Ray Langkeit, pro se.

Larry Derryberry, Atty. Gen. of Okl. by Paul Crowe, Asst. Atty. Gen., Oklahoma City, Okl., for respondents.

## ORDER

DAUGHERTY, Chief Judge.

This is a proceeding for Writ of Habeas Corpus by a State prisoner confined in the Oklahoma State Penitentiary at McAlester, Oklahoma, who challenges his detention by virtue of the judgment and sentence of the District Court of Cleveland County, Oklahoma, in case No. CRF–73–331, on the grounds that his plea of guilty was involuntary and that he was denied the effective assistance of counsel. The court has examined the files and records submitted by the respondent which include the transcript of the proceedings in the trial court on November 8, 1973. It appears therefrom that

the petitioner was charged with the offense of Rape in the First Degree. After a preliminary hearing on September 18, 1973, the petitioner was bound over to the district court where he initially entered a plea of not guilty at his arraignment. Subsequently on November 8, 1973 the petitioner appeared before the court with his court-appointed attorney and changed his plea to guilty, pursuant to a plea bargain in which the prosecutor agreed to recommend a sentence of 15 years imprisonment. The court accepted the plea of guilty, approved the plea bargain and sentenced the petitioner to the recommended term. There was no appeal from this judgment and sentence. Thereafter, the petitioner filed an application for post conviction relief with the sentencing court which was denied November 12, 1975. He then appealed to the Oklahoma Court of Criminal Appeals which affirmed the trial court on December 18, 1975. The petitioner made the same allegations to the Oklahoma courts in these proceedings that he now makes to this court and he therefore has exhausted the remedies available to him in the courts of the State of Oklahoma.

■ The petitioner's three page Petition consists mostly of bald conclusions which impose no duty upon the court to conduct an evidentiary hearing. *Martinez v. United States*, 344 F.2d 325 (C.A.10 1965). Read most generously it is his contention that his counsel was ineffective because he put petitioner on the stand to answer questions at the time of the change of plea and that his plea was coerced because his counsel had advised him that because of the nature of the case he could receive a long prison term and the prosecutor offered him a shorter sentence. He also claims that he was not advised "of his right to a trial, his right to confrontation, his privilege of confrontation, his privilege of self-incrimination, his right to be convicted by proof beyond a reasonable doubt and his right to be advised of equal protection of the law."

■ The record shows that the petitioner has misstated the facts. The petitioner was represented by his court-appointed attorney at the preliminary hearing and subsequent proceedings. Counsel had conferred with petitioner many times in the jail. (Tr. 42.) The plea bargain was the result of diligent and persistent efforts by counsel in which he had talked with a representative of the prosecutor's office 15 or 20 times. (Tr. 34 and 46.) When the petitioner appeared in court with his attorney to change his plea, his lawyer did not put him on the stand, but rather the court who told the petitioner that it would be necessary for him to testify if he wanted the court to accept his plea of guilty. (Tr. 7.) The testimony of petitioner affirmatively showed that he knew of the possible punishment (Tr. 16), his right to counsel (Tr. 17), his right to move to suppress any incriminating statement or other evidence (Tr. 18), his right to persist in his plea of not guilty (Tr. 22), a speedy trial with or without a jury and the requirement for a unanimous verdict by a jury (Tr. 23), of the presumption of innocence (Tr. 24), and the State's burden to prove guilt beyond a reasonable doubt (Tr. 25), his right to cross-examination (Tr. 25), compulsory attendance of witnesses (Tr. 26), his right to appeal with court-appointed attorney (Tr. 27). He advised the court that he had discussed his plea of guilty with his attorney four or five times (Tr. 33) and that he felt that they had explored every avenue that could be explored in the way of a possible defense in the case. (Tr. 17.) He also told the court that he agreed with everything that had been done in his behalf by his attorney (Tr. 38) and that he had been well satisfied with his attorney. (Tr. 41, 42.) He denied that his plea of guilty was the result of any force or violence or threats of force or violence. (Tr. 33.) He was aware of the plea bargain and knew the recommendation would be made by the prosecutor. (Tr. 34, 47.) He also knew that it was not binding on the judge. (Tr. 35.) The factual basis for the plea was established by questioning of the petitioner and introduction of the transcript of petitioner's preliminary hearing which had been conducted by the judge who took the guilty plea. (Tr. 37–40.) After the plea had been accepted and the State's recommendation

had been received, the court gave the petitioner the chance to change his mind again and withdraw his plea of guilty. (Tr. 48.) The plea bargain was fulfilled by the State and the court followed the recommendation of the prosecutor and the defendant's counsel.

The transcript of the record at the time of petitioner's change of plea is sufficient to affirmatively show that the guilty plea of the petitioner was intelligent and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). A guilty plea is not invalid because it is motivated by the desire of the accused to accept the certainty or probability of a lesser penalty rather than face a wide range of penalties extending from acquittal to the death penalty. *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Scheer v. Patterson*, 429 F.2d 907 (C.A.10 1970). Nor is it rendered involuntary because it is entered upon the advice of competent counsel that it would be to the accused's advantage to do so. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

In the plea bargaining situation the accused should be afforded the advice of competent counsel, be aware of the charges against him and understand the possible range of sentences. *Kemp v. Snow*, 464 F.2d 579 (C.A.10 1972). The only required duty of counsel when a plea of guilty is entered is that counsel should ascertain if the plea is entered voluntarily and knowingly. *Lamb v. Beto*, 423 F.2d 85 (C.A.5 1970). As Judge, now Chief Justice Burger stated in *Edwards v. United States*, 103 U.S.App.D.C. 152, 256 F.2d 707 (1958):

"It must be realized that this is not a case in which proof of guilt depended upon a trial. In such cases the accused usually relies to a great extent on counsel to conduct an effective defense, because the accused does not know enough of the law to do so himself . . . but this is not so when he pleads guilty. Here the deed is his own; here there are not the baffling complexities which require a lawyer for illumination; if voluntarily and understandingly made, even a layman should expect a plea of guilty to be treated as an honest confession of guilt and a waiver of all defenses known and unknown. And such is the law."

In any case the burden on a petitioner to establish a claim of ineffective assistance is great and neither hindsight nor success is the measure. *Ellis v. Oklahoma*, 430 F.2d 1352 (C.A.10 1970). Effective assistance of counsel does not mean victorious or flawless counsel. *Brady v. United States*, 433 F.2d 924 (C.A.10 1970). The representation must have been such as to make the proceedings a mockery, sham or farce. *Basker v. Crouse*, 426 F.2d 531 (C.A.10 1970). Here the record shows that counsel had diligently explored all possible defenses and then arranged an acceptable plea bargain. He conscientiously explained all of these matters to the petitioner and the alternatives that were available to him. There can be no doubt that the petitioner was fully aware of the charge against him and the permissible range of the penalty. It is apparent that counsel had gone to extreme lengths to satisfy himself that the petitioner's plea was freely and voluntarily made. Not only are petitioner's allegations concerning counsel insufficient to establish the ineffective assistance of counsel but any suggestion or conclusion that the proceedings were farcical are patently without merit.

No disputed factual issue is presented here and the application on its face, together with the files and records examined by the court, affirmatively shows that the petitioner is not entitled to federal habeas corpus relief. Therefore, this court is not required to conduct an evidentiary hearing. *Boyd v. State of Oklahoma*, 375 F.2d 481 (C.A.10 1967).

Accordingly, the Petition for Writ of Habeas Corpus will be denied.

IT IS SO ORDERED.